Signed as modified by the Court. See paragraph H.

**This order is SIGNED.**



**Dated: September 12, 2018**

R. KIMBALL MOSIER
U.S. Bankruptcy Judge



### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | Case No. 17-29716 |
| US OIL SANDS INC., *et al*., | Jointly Administered |
| Debtors in a Foreign Proceeding. | Chapter 15 |
| | Judge R. Kimball Mosier |

### ORDER CLOSING CHAPTER 15 CASES

Upon consideration of the *Final Report and Motion for an Order and Final Decree Closing Chapter 15 Cases* (the "**Final Report and Motion**") filed by FTI Consulting Canada Inc., solely in its capacity as court-appointed receiver and manager (the "**Receiver**") of the assets, properties, and undertakings of US Oil Sands Inc. and US Oil Sands (Utah) Inc. (collectively, the "**Chapter 15 Debtors**"), under the Canadian Bankruptcy and Insolvency Act based upon the *Receivership Order* dated September 14, 2017 (the "**Receivership Order**"), entered by the Court of Queen's Bench of Alberta (the "**Canadian Court**") in a proceeding brought before it (the "**Canadian**

1

**Proceeding**"), and the authorized foreign representative of the Chapter 15 Debtors pursuant to the Receivership Order and this Court's *Order Granting Recognition as Foreign Main Proceeding* entered in this jointly administered case on November 16, 2017, as Docket No. 14 (the "**Recognition Order**"), together with the declaration of Deryck Helkaa filed as Docket No. 42 in support of the Final Report and Motion, and after consideration of this Court's powers and discretion under 11 U.S.C. §§ 105(a), 350(a), and 1517(d) and Federal Rule of Bankruptcy Procedure 5009(c), and sufficient cause appearing therefore, the Court finds and concludes as follows:

    A.    This court has jurisdiction to determine the Sale Motion pursuant to 28 U.S.C. §§ 157(a), 157(b)(1), and 1334(a) and 11 U.S.C. § 1501.

    B.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (P).

    C.    Venue is proper in this district and in this Court pursuant to 28 U.S.C. § 1410.

    D.    This Court has constitutional authority to enter final orders on this matter under *Stern v. Marshall*, 564 U.S. 462 (2011), or, in the alternative, by consent of the parties. *See Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165 (2014).

    E.    Pursuant to the Recognition Order, this Court (1) recognized the Canadian Proceeding as a foreign main proceeding with respect to each of the Chapter 15 Debtors, (2) granted the Receiver authority to administer the Chapter 15 Debtors' assets and affairs in the United States, and (3) granted relief under Sections 1520 and 1521 of the Bankruptcy Code.

    F.    On August 3, 2018, the Receiver filed its motion (the "**Canadian Receiver Discharge Application**") with the Canadian Court, pursuant to which the Receiver requested entry of an order, *inter alia*, ratifying and approving the Receiver's activities and discharging the Receiver.

4824-1360-1134v4

G. A hearing on the Canadian Receiver Discharge Application was held by the Canadian Court on August 17, 2018, and, thereafter, the Canadian Court entered an order approving the relief requested in the Canadian Receiver Discharge Application (the "**Canadian Receiver Discharge Order**"), a copy of which is attached hereto as **Exhibit 1**.

H. Notice of the Final Report and Motion, the relief sought therein, and an opportunity to be heard was provided to all creditors and parties-in-interest. Such notice was good, sufficient, and appropriate under the circumstances. No objections to the final report and motion were filed. No other or further notice of the Final Report and Motion, or the relief sought therein, is required.

I. It is appropriate to extend comity to the Canadian Receiver Discharge Order.

NOW THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1. The relief requested in the Final Report and Motion is GRANTED as set forth herein.

2. The Canadian Receiver Discharge Order is hereby granted comity and recognized and given full force and effect in the United States. A copy of the Canadian Receiver Discharge Order is attached hereto as **Exhibit 1**.

3. The Chapter 15 cases of US Oil Sands Inc. (Case No. 17-29716) and US Oil Sands (Utah) Inc. (Case No. 17-29717) (collectively, the "**Chapter 15 Cases**") are hereby closed, without prejudice to the right of the Receiver or any other foreign representative appointed in its stead to seek an order reopening either Chapter 15 Case under Section 350(b) of the Bankruptcy Code, and the Clerk of the Court is directed to mark the dockets in the Chapter 15 Cases as closed.

4. Notwithstanding the closure of the Chapter 15 Cases as set forth herein, all orders entered in such cases shall remain in full force and effect in the United States and be binding on, and enforceable in accordance with its terms against, all persons subject to this Court's jurisdiction.

4824-1360-1134v4

5. All persons subject to this Court's jurisdiction shall be prohibited from taking any action within the territorial jurisdiction of the United States that is inconsistent with the terms of any order entered in the Chapter 15 Cases.

6. This Order is binding in all respects on the Receiver, the Chapter 15 Debtors, and the creditors of the Chapter 15 Debtors, all holders of equity interests in the Chapter 15 Debtors, all holders of any claim(s), whether known or unknown, against the Chapter 15 Debtors, any holders of liens, claims, encumbrances, and interests against or on all or any portion of the Chapter 15 Debtors' assets, any parties-in-interest, all contract counterparties, and any trustees, examiners, responsible officers, representatives, or similar entities for the Chapter 15 Debtors.

7. This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Rules 6004(h) and 6006(d) of the Federal Rules of Bankruptcy Procedure and to any extent necessary under Federal Rule of Bankruptcy Procedure 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Federal Rule of Bankruptcy Procedure 7054, this Court expressly finds that there is no just reason for delay in the implementation of this Order. Any stay periods in Rules 7062 or 6004(h) of the Federal Rules of Bankruptcy Procedure, or otherwise, are expressly waived.

8. This Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, and to adjudicate, if necessary, any and all disputes concerning or relating to this Order.

### End of Document ###

4824-1360-1134v4

# Exhibit 1

## Canadian Receiver Discharge Order

[See attached.]

**CLERK'S STAMP**

FILED
AUG 17 2018
JUDICIAL CENTRE OF CALGARY
CLERK OF THE COURT

| | |
|---|---|
| COURT FILE NUMBER | 1701-12253 |
| COURT | COURT OF QUEEN'S BENCH OF ALBERTA |
| JUDICIAL CENTRE | CALGARY |
| PLAINTIFF | **ACMO S.À.R.L.** |
| DEFENDANTS | **US OIL SANDS INC. and US OIL SANDS (UTAH) INC.** |
| DOCUMENT | **ORDER FOR FINAL DISTRIBUTION, APPROVAL OF RECEIVER'S FEES AND DISBURSEMENTS, APPROVAL OF RECEIVER'S ACTIVITIES AND DISCHARGE OF RECEIVER** |
| ADDRESS FOR SERVICE AND CONTACT INFORMATION OF PARTY FILING THIS DOCUMENT | **BENNETT JONES LLP** Barristers and Solicitors 4500 Bankers Hall East 855 – 2nd Street SW Calgary, AB  T2P 4K7<br><br>Attention: Chris Simard Telephone No.: 403-298-4485 Fax No.: 403-265-7219 Client File No. 76142.5 |
| DATE ON WHICH ORDER WAS PRONOUNCED: | August 17, 2018 |
| LOCATION WHERE ORDER WAS PRONOUNCED: | Calgary, Alberta |
| NAME OF JUSTICE WHO MADE THIS ORDER: | The Honourable Mr. Justice D. B. Nixon |

I hereby certify this to be a true copy of the original _order_

Dated this _17_ day of _Aug 2018_

_____
for Clerk of the Court

UPON THE APPLICATION of FTI Consulting Canada Inc., in its capacity as the Court-appointed receiver and manager (the "**Receiver**") of the undertaking, property and assets of US Oil Sands Inc. and US Oil Sands (Utah) Inc. (collectively, the "**Debtors**"), for an Order for the final distribution of proceeds, approval of the Receiver's fees and disbursements, approval of the

WSLEGAL\076142\00005\20563619v2

Receiver's activities and discharge of the Receiver; AND UPON having read the Receiver's Third Report dated August 3, 2018 (the "**Receiver's Report**"); AND UPON hearing counsel for the Receiver, and other interested parties; AND UPON being satisfied that it is appropriate to do so;

**IT IS HEREBY ORDERED AND DECLARED THAT:**

1. Service of notice of this application and supporting materials is hereby declared to be good and sufficient, and no other person is required to have been served with notice of this application, and time for service of this application is abridged to that actually given.

2. The Receiver's accounts for fees and disbursements, as set out in the Receiver's Report, are hereby approved without the necessity of a formal passing of its accounts.

3. The accounts of the Receiver's Canadian legal counsel Bennett Jones LLP, for its fees and disbursements, as set out in the Receiver's Report, are hereby approved without the necessity of a formal assessment of its accounts.

4. The accounts of the Receiver's U.S. legal counsel Parsons Behle & Latimer LLP, for its fees and disbursements, as set out in the Receiver's Report, are hereby approved without the necessity of a formal assessment of its accounts.

5. The Receiver's activities as set out in the Receiver's Report and in all of its other reports filed herein, and the Statement of Receipts and Disbursements as attached to the Receiver's Report, are hereby ratified and approved.

6. The Receiver is authorized and directed to distribute the remaining cash on hand, as set out in the Receiver's Report, which are not utilized by the Receiver and its legal counsel.

7. On the evidence before the Court, the Receiver has satisfied its obligations under and pursuant to the terms of the Orders granted in the within proceedings up to and including the date hereof, and the Receiver shall not be liable for any act or omission on its part including, without limitation, any act or omission pertaining to the discharge of its duties in the within proceedings, save and except for any liability arising out of

any in fraud, gross negligence or willful misconduct on the part of the Receiver, or with leave of the Court. Subject to the foregoing any claims against the Receiver in connection with the performance of its duties are hereby stayed, extinguished and forever barred.

8. No action or other proceedings shall be commenced against the Receiver in any way arising from or related to its capacity or conduct as Receiver, except with prior leave of this Court on Notice to the Receiver, and upon such terms as this Court may direct.

9. The Receiver is hereby discharged as Receiver of the Debtors, provided however, that notwithstanding its discharge herein (a) the Receiver shall remain Receiver for the performance of such incidental duties as may be required to complete the administration of the receivership herein, including the final administration, closure, and incidental duties related to the Chapter 15 bankruptcy cases filed by the Receiver with the United States Bankruptcy Court for the District of Utah, Central Division, on behalf of the Debtors, and (b) the Receiver shall continue to have the benefit of the provisions of all Orders made in this proceeding, including all approvals, protections and stays of proceedings in favour of the Receiver in its capacity as Receiver.

10. This Order must be served only upon those interested parties attending or represented at the within application and service may be effected by Facsimile, electronic mail, personal delivery or courier. Service is deemed to be effected the next business day following the transmission or delivery of such documents.

11. Service of this Order on any party not attending this application is hereby dispensed with.

_____
J.C.Q.B.A.